## UNITED STATES DISTRICT COURT

## DISTRICT OF CONNECTICUT

| | |
|---|---|
| RICHARD COYLE,<br>    Plaintiff | }<br>} |
| v. | Civil. No. 19-7199<br>} |
| THE UNITED STATES OF AMERICA,<br>    Defendant | }<br>} |

### PLAINTIFF'S COMPLAINT FOR DAMAGES PURSUANT TO THE FEDERAL TORT CLAIMS ACT, 28 U.S.C. 2671 et seq.

1. Plaintiff, Richard Coyle, is a citizen of the state of Connecticut, residing at 300 Wewaka Brook Road, Bridgewater, Connecticut.

2. Defendant, United States of America, is the duly constituted and sovereign government of the United States of America; and the United States Post Office is an independent agency of the executive branch of the United States federal government.

3. At all times material to this Complaint defendant, United States of America, controlled, employed and retained Welwyn L. Cope, as United States of America's employee, servant, agent, ostensible agent and/or joint venture.

4. At all times material to this Complaint defendant, United States of America, controlled, employed, directed and/or retained Welwyn L. Cope as the United States Post Office's employee, servant, agent, ostensible agent and/or joint venture.

5. At all times material to this Complaint, Welwyn L. Cope acted within the course and scope of his office and employment with the defendant, United States of America.

1

6. This court has jurisdiction pursuant to 28 U.S.C. Section 1346 (b) (1) for the reason that the plaintiff's claim accrued after January 1, 1945 and is for money damages for personal injury and loss of property that were proximately caused by the negligent and wrongful acts and omissions of employees of the federal government while acting within the course and scope of their employment.

7. Venue is proper in this court pursuant to 28 U.S.C. Section 1391 (e) for the reason that a substantial part of the events or omissions giving rise to plaintiff's claim occurred within the federal judicial district of Connecticut and the plaintiff resides in the federal judicial district of Connecticut.

8. At all times material to this Complaint, plaintiff was the operator of a motor vehicle on the public roadways of the state of Connecticut and town of Wilton.

9. At all times material to this Complaint, Welwyn L. Cope was the operator of a medium duty truck owned, leased, rented or otherwise under the possession and control of the United States Postal Service.

10. On November 15, 2016, at approximately 11:00 a.m., the plaintiff was the operator of a motor vehicle that was stopped in the right hand lane of southbound traffic on Danbury Road (State Highway Route 7) at a traffic light approximately 0.10 miles south of Kent Road in the town of Wilton, Connecticut.

11. At the above-mentioned date, time and place, Welwyn L. Cope, acting as employee, servant, agent, ostensible agent and/or joint venture of defendant, United States of America, was operating Freightliner medium duty truck behind the motor vehicle operated by the plaintiff in the right hand lane of southbound traffic on Danbury

Road (State Highway Route 7) approaching a traffic light approximately 0.10 miles south of Kent Road in the town of Wilton, Connecticut.

12. At the above-mentioned date, time and place defendant, acting through Welwyn L. Cope, crashed the truck it was operating into the rear of the stopped motor vehicle being operated by plaintiff.

13. The aforementioned crash was caused by the negligence and carelessness of the United States of America in one or more of the following ways:

    a. in that Welwyn L. Cope was inattentive and failed to keep a proper lookout;

    b. in that Welwyn L. Cope was operating a motor vehicle at a rate of speed greater than was reasonable, having regard to the width, traffic and use of the highway, the intersection of streets and the weather conditions then and there existing, in violation of Connecticut General Statutes Section 52-218a;

    c. In that Welwyn L. Cope was operating a commercial motor vehicle for which he was not licensed, in violation of Connecticut General Statutes Section 14-44a;

    d. In that it directed and permitted its employee to operate a commercial motor vehicle on a public highway even though he was not licensed to do so;

    e. In that Welwyn L. Cope failed to apply his brakes in time to avoid crashing in the rear of plaintiff's motor vehicle;

    f. In that Welwyn L. Cope failed to sound his horn or otherwise give plaintiff warning of the impending crash;

g. In that Welwyn L. Cope failed to steer the medium duty truck he was operating to the left or right to avoid crashing into the rear of plaintiff's motor vehicle;

h. In that Welwyn L. Cope failed to bring the medium duty truck he was driving to a complete stop in obeyance of the traffic signal, in violation of Connecticut General Statute Section 14-299;

i. In that Welwyn L. Cope was operating the medium duty truck he was operating at a speed that was greater than reasonable under the conditions then and there existing;

j. In that Welwyn L. Cope failed to keep the medium duty truck her was driving under reasonable control under the circumstances then and there existing.

14. As a direct result of the crash and the negligence and carelessness of defendant United States of America, plaintiff Richard Coyle suffered the following serious and painful injuries, some or all of which may be permanent in nature:

a. torn rotator cuff of the right shoulder;

b. multiple rib fractures;

c. numerous scratches, cuts, abrasions, bruises and contusions about the body;

d. a painful right shoulder necessitating surgical repair;

d. pain, suffering, distress and emotional upset.

15. As a further result of his injuries, plaintiff incurred expenses for medical care and treatment of said injuries, including but not limited to hospitalization and surgery,

4

Case 3:19-cv-01799-SRU   Document 1   Filed 11/13/19   Page 5 of 7

5

and plaintiff may incur additional medical expenses in the future for the treatment of his injuries.

16. As a further result of his injuries, the plaintiff was forced to miss time from work and suffered a loss of wages and earnings.

17. As a further result of his injuries, the plaintiff's ability to carry on and enjoy his usual life activities has been diminished and impaired.

18. Defendant United States of America is liable for the personal injuries and losses caused by the negligence and carelessness of Welwyn L. Cope, as a deemed employee of the federal government while acting within the scope of his employment pursuant to the Federal Tort Claims Act, 28 U.S.C. Sections 1346 (b) and 2671 et seq., to the extent the Federal Tort Claims Act constitutes a waiver by defendant United States of America of the federal government's immunity from tort liability.

19. Plaintiff timely filed in good faith a Standard Form 95 with the Tort Claims Coordinator, U.S. Postal Service, 141 Weston Street, Hartford, Connecticut, 06101 setting forth administrative tort claims directed at defendant United States of America with required attachments and supporting documentation. Plaintiff's Standard Form 95, without exhibits, is attached to this Complaint as Exhibit A and incorporated herein by reference.

20. As of this date, which is in excess of six months past the filing of said claim, defendant United States of America has failed to resolve this claim.

21. Plaintiff's action has been timely filed in the United States of the District of Connecticut.

WHEREFORE, plaintiff claims of defendant, United States of America, damages in the amount of $1,000,000.00.

THE PLAINTIFF,
RICHARD COYLE

By _____
Paul T. Edwards (ct13331)
EDWARDS TRIAL LAW, LLC
48 North Street
Danbury, CT  06810
Office: (203) 744-5400
Fax: (800) 327-5651
Email:  paul@edwardstrial.law

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| RICHARD COYLE ,<br>  Plaintiff | }<br>} |
| | } Civil. No. 19-7199 |
| v. | } |
| THE UNITED STATES OF AMERICA,<br>  Defendant | }<br>} |

**CERTIFICATION**

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information and belief that this Complaint (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the Complaint otherwise complies with the requirements of Rule 11.

Dated November 13th, 2019

THE PLAINTIFF,
RICHARD COYLE

By _____
Paul T. Edwards (ct13331)
EDWARDS TRIAL LAW, LLC
48 North Street
Danbury, CT  06810
Office: (203) 744-5400
Fax: (800) 327-5651
Email: paul@edwardstrial.law

7